**IN THE COURT OF APPEALS OF IOWA**

No. 16-0087
Filed April 6, 2016

**IN THE INTEREST OF J.P.,**
**Minor Child,**

**T.R., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

A mother appeals from the juvenile court's decision terminating her parental rights. **AFFIRMED.**

Steven L. Cooper of Cooper, Goedicke, Reimer & Reese, West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Karl Wolle of the Juvenile Public Defender's Office, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

The mother appeals from the juvenile court's decision terminating her parental rights to J.P., born in 2012, pursuant to Iowa Code section 232.116(1)(d) and (h) (2015).[1]  Because we find the child could not be returned to her custody at the time of the termination hearing and termination is in the child's best interests, we affirm.

We review termination-of-parental-rights cases de novo.  *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).  When a juvenile court terminates parental rights on more than one ground, we may affirm the order on any of the grounds.  *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

In a well-written, thorough ruling, the juvenile court made substantial, detailed findings as to why the child could not be returned home to the mother at the time of the termination hearing.  We focus on the court's findings that the mother failed to exercise visitation or have any contact with her child for four months prior to the termination hearing, and the mother's lengthy and significant substance abuse history for which she has failed to obtain treatment following two substance abuse evaluations.  We note the mother failed to appear at the termination hearing to address those concerns, and her petition on appeal ignores either of those significant circumstances.  Her argument on appeal concerning the fourth element of section 232.116(1)(h)—whether the child could be returned to her care at the time of the termination hearing—is limited to the statement: "However, the child could be returned to the Mother at the present

---

[1] The juvenile court also terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(d) and (h).  He does not appeal.

time." Even if we were to consider her argument regarding section 232.116(1)(d), she has still failed to address her lack of contact with the child leading up to the termination hearing and her failure to obtain substance abuse treatment.

Her argument that termination is not in the long-term best interests of the child likewise fails as a result of her lack of contact with her child and her failure to explain why she stopped contact. She also fails to address in any manner her substance abuse history and its impact on the child's best interests. Additionally, she seems to be requesting another six months to work toward reunification but has made no representations as to what actions or steps she would take during a six-month extension that would alter the outcome of this case. *See* Iowa Code § 232.104(2)(b) (providing a court may enter an order "continu[ing] placement of the child for an additional six months" if the court determines the need for removal "will no longer exist at the end of the additional six-month period").

She further asserts the court need not terminate her parental rights because (1) the child is placed with a relative and (2) the mother shares a bond with her child. *See* Iowa Code § 232.116(3)(a), (c). Again, without any argument or representations as to the impact of her lack of contact with the child for four months preceding the termination hearing, and her failure to address her substantial substance abuse history and current issues, we find that granting either exception is not warranted.

Pursuant to Iowa Court Rule 21.26(1)(d) and (e), we affirm the termination under section 232.116(1)(h).

**AFFIRMED.**